**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

MAUREEN A. WILSON, Civil No. 00-24 (DWF/AJB)

Plaintiff-Appellant,

v. **ORDER**

PHYLLIS DRYDEN, PATRICK FIGGE, and
VIRGINIA RAE BLY,

Defendants-Respondents.

---

Maureen A. Wilson, Pro Se, 6724 84th Avenue North, Brooklyn Park, MN 55445, Plaintiff.

Reid S. Raymond, Assistant County Attorney, Hennepin County Attorney's Office, Adult Services Section, C-2000 Government Center, 300 South Sixth Street, Minneapolis, MN 55487, counsel for Defendants Phyllis Dryden and Patrick Figge.

Patricia A. Sonnenberg, Assistant Attorney General, Suite 9000, 445 Minnesota Street, St. Paul, MN 55101-2127, counsel for Defendant Virginia Rae Bly.

---

Plaintiff commenced this action on January 5, 2000, by filing a pro se complaint, alleging (as far as the Court can discern) that Defendants wrongfully seized her federal tax refund. According to the Clerk's docket sheet, a summons was issued, and service of process was effected on the three named Defendants on or about January 27, 2000. However, it appears that none of the Defendants has filed any response to Plaintiff's complaint, or even entered a formal appearance in this matter. Therefore, on June 21, 2000, Plaintiff filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2), which is now before the Court.

JUL 25 2000
FILED
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

It clearly appears that Defendants are in default, and the Clerk will therefore be directed to make a formal entry of Defendants' default on the record, for purposes of Fed. R. Civ. P. 55(a). Plaintiff's motion for default judgment will not be granted at this time, however, because the Court has recently received a letter from the Hennepin County Attorney's office, written on behalf of Defendants Phyllis Dryden and Pat Figge, and another letter from the Minnesota Attorney General's office, written on behalf of Defendant Virginia Rae Bly. Those letters indicate that the named Defendants intend to oppose Plaintiff's motion for default judgment.

The Court has determined that Defendants should have a reasonable opportunity to be heard on Plaintiff's motion for default judgment. Therefore, Defendants shall have until August 11, 2000, to formally appear in this action and show cause, in writing, why Plaintiff's motion for default judgment should not be granted. If Defendants respond to this order in a timely manner, Plaintiff shall have until August 25, 2000, to reply, in writing, to Defendants' responses. Thereafter, the parties shall await the further order of the Court.

The Clerk shall send a copy of this order to each of the named Defendants, and to the Hennepin County Attorney and the Minnesota Attorney General. If any Defendant fails to respond to this order in a timely manner, the Court may construe such non-response as an acquiescence to Plaintiff's motion for default judgment.

Based upon all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall enter Defendants' default on the record for purposes of Fed. R. Civ. P. 55(a);

2. On or before August 11, 2000, Defendants shall show cause, in writing, why Plaintiff's motion for default judgment should not be granted;

3. Plaintiff shall have until August 25, 2000, to reply, in writing, to Defendants' responses to this order; and

4. The Clerk of Court shall mail a copy of this order to each individual Defendant, and to the office of the Hennepin County Attorney and the Minnesota Attorney General.

Dated: July 25, 2000

DONOVAN W. FRANK
Judge of United States District Court