UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

Maureen A. Wilson,

Plaintiff,

v.

Phyllis Dryden, Patrick Figge, and Virginia Rae Bly,

Defendants.

File No. 00-24 DWF/AJB

**REPORT AND RECOMMENDATION**

---

This matter is before the Court, United States Magistrate Judge Arthur J. Boylan, on plaintiff's motion for default judgment; defendants Dryden and Figge's opposition to default judgment and motion to dismiss; and defendant Bly's opposition to default judgment and request to be allowed to file an answer or motion to dismiss. The matter has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. §636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that plaintiff's motion for default judgment and defendants Dryden and Figge's motion to dismiss be denied. It is further recommended that plaintiff be ordered to make service on all three defendants, at which time defendants shall file their answers or, alternatively, motions to dismiss.

## BACKGROUND

Plaintiff filed her complaint with the Court on January 5, 2000 [Docket No. 1], claiming that defendants had wrongfully seized her federal income tax refund. Defendants failed to respond, and pursuant to Court Order [Docket No. 5], the Clerk of Court entered default against defendants on July 25, 2000 [Docket No. 6]. Defendants filed opposition to entry of

FILED AUG 23 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

default judgment on August 10, 2000 [Docket No. 7]. All three defendants claim they were not properly served, and the Court therefore lacks jurisdiction to enter default judgment against them. From the record, it appears that defendant Dryden was personally served with the complaint, but was not served with a Summons; defendant Figge was improperly served by substitute service on Dryden at his place of employment, and also did not receive a Summons; and defendant Bly was improperly served by substitute service at her place of employment.

**DISCUSSION**

The defendants in this matter were not effectively served pursuant to Fed. R. Civ. P. 4(e)(2). The Federal rule provides that service may be effected:

> (1) pursuant to [Minnesota] law, .... for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the state; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Minnesota Rules of Civil Procedure require service to be made by:

> .... delivering a copy [of the summons] to the individual personally or by leaving a copy at the individual's usual place of abode with some person of suitable age and discretion then residing therein.
>
> If the individual has, pursuant to statute, consented to any other method of service or appointed an agent to receive service of summons, or if a statute designates a state official to receive service of summons, service may be made in the manner provided by such statute.

Minn. R. Civ. P. 4.03 (1998). Plaintiff does not contest defendant Dryden's claim that she was served with a copy of the complaint but not the summons. Consequently, the Court finds that defendant Dryden was not effectively served.

Because substituted service at a person's place of employment is not effective service, defendants Figge and Bly were likewise not effectively served. In *Thiele v. Stich*, 425 N.W.2d 580, 584 (Minn. 1988), the Court ruled that a plaintiff who attempted to effect service by leaving the papers with defendant's receptionist at his place of employment "did not comply with the rule in any way." *Id.* The 8th Circuit effectively expanded that decision to the Federal District of Minnesota in *Marshall v. Warwick*, 155 F.3d 1027, 1030 (8th Cir. 1998) when it ruled that "leaving a copy of the summons at the defendant's place of employment when the service of process statute requires that the server leave it at the defendant's dwelling, is not valid service of process." *Id.*

Since defendants were never effectively served, the Court lacks personal jurisdiction over them and can not enter a default judgment against them. See *Peterson v. Sharon*, 635 F.2d 1335, 1337 (8th Cir. 1980). In such a situation, the Court "has discretion to either dismiss the action, or quash service but retain the case." *Haley v. Simmons*, 529 F.2d 78 (8th Cir. 1976). Although it is appropriate for the Court to "retain[] jurisdiction **for purposes of allowing further attempts to serve process**," *Id.*, (emphasis added), the Court does not presently have jurisdiction with respect to any of the dismissal motions pending in this case, including defendants Dryden and Figge's motion to dismiss. Since none of the defendants challenge the Court's jurisdiction on any basis other than ineffective service, the most efficient solution in this instance is to order plaintiff to perfect service on all three defendants. This will allow the Court to exercise jurisdiction over this matter.

**RECOMMENDATION**

For the reasons stated above, it is hereby **recommended** that:

1. Plaintiff's motion for default judgment be **denied** [Docket No. 4].

2. Plaintiff's motion requesting denial of defendants' motions for dismissal be **granted** [Docket No. 11].

3. Plaintiff be required to properly make personal service of a Summons and Complaint on each of the defendants within thirty days of the date of a District Court Order, in the event that this Report and Recommendation is adopted. Plaintiff should be advised that failure to make timely personal service may result in dismissal of the case for failure to take action as required by Court order.

4. Defendants Dryden and Figge's motion seeking denial of plaintiff's motion for default, and further seeking dismissal or, in the alternative, summary judgment be **granted in part and denied in part** [Docket No. 7]. It is recommended that the motion to deny default judgment be granted and the alternative motions for dismissal or summary judgment be denied without prejudice to defendant's ability to file such motions in lieu of an answer.

Dated: 8/23/00

Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before September 5, 2000.