**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Maureen A. Wilson,

Plaintiff,

v.

Phyllis Dryden, Patrick Figge, and Virginia Rae Bly,

Defendants.

Civil No. 00-24 (DWF/AJB)

**MEMORANDUM OPINION AND ORDER**

---

Maureen A. Wilson, 6724 - 84th Avenue North, Brooklyn Park, Minnesota 55445, appeared *pro se*.

Reid S. Raymond, Assistant Hennepin County Attorney, C-2000 Government Center, 300 Sixth Street South, Minneapolis, Minnesota 55487, appeared on behalf of Defendants Dryden and Figge.

Cynthia Jahnke, Assistant Attorney General, Minnesota Attorney General's Office, Suite 1400, 445 Minnesota Street, Saint Paul, Minnesota 55101, appeared on behalf of Defendant Bly.

---

## Introduction

The above-entitled matter came on for hearing before the undersigned United States District Judge on March 9, 2001, pursuant to Defendant Figge's Motion to Dismiss, or alternatively for Summary Judgment and Defendants Dryden's and Bly's Motions to Dismiss. In the Complaint, Plaintiff alleges that Defendants violated the relevant statutes of limitations regulating recoupment of overpayments under the Aid to Families and Dependent Children and Food Stamps programs. For the reasons set forth below, Defendants' Motions to Dismiss are granted.

MAR 12 2001
FILED
FRANCIS E. D[illegible], CLERK
JUDGMENT ENTD MAR 12 2001
DEPUTY CLERK

## Background

Plaintiff Maureen A. Wilson received benefits through the Aid to Families with Dependent Children ("AFDC") and Food Stamps programs from September 27, 1991 through April 1, 1992. In January 1992, Ms. Wilson began working as a loan closer for CTX Mortgage Co., and she informed Hennepin County Economic Assistance of her employment in March 1992. In July 1992, the County discovered that Ms. Wilson had failed to report income in the amount of $3,750.00 received during 1991 resulting in an alleged overpayment of AFDC and Food Stamps benefits. Overpayment claims were initiated by the County on April 29, 1997.

Plaintiff filed a timely appeal on June 23, 1997, with the State of Minnesota Department of Human Services ("MNDHS"). In a letter from Hennepin County,[1] dated July 29, 1997, Ms. Wilson was told:

> I spoke too soon when I told you that I would notify the appeals hearing officer that you wanted to cancel a request for an appeal hearing.
>
> They need to hear it from you, so would you please call the appeals office at 297-4301.
>
> Thank you.
>
> You'll be hearing from us again after CTX Mortgage verifies your earnings. I will refigure your overpayment as soon as I receive the verification.

At a hearing on June 22, 1999, before the Minnesota Department of Human Services, the parties stipulated that the original appeal was dismissed and Ms. Wilson's case was closed on August 4, 1997. Ms. Wilson testified at the June 22, 1999, hearing that she dismissed her original appeal because she and the agency were working together to resolve the claims.

---

[1] The letter is unsigned, though referred to by Ms. Wilson as correspondence from Defendant Dryden in Exhibit 1 to Plaintiff's Memorandum. The same letter is included as part of the administrative record and is labeled DHS 22.

Subsequent to the original appeal and its withdrawal in 1997, Ms. Wilson submitted financial information, including a profit and loss statement, and income verification was sought from CTX so that the County could determine the extent of overpayment, if any. In addition, the Federal Income Tax Refund Offset Program ("FTROP") was invoked to recover Food Stamp overpayment. In April 1999, Plaintiff was informed that she had been overpaid $2,660.00 in AFDC payments and $774.00 in Food Stamps, a downward adjustment of $1,297.00 from the original claim. Because FTROP had been invoked before the adjustment was calculated, the County refunded to Ms. Wilson excessive Food Stamp collections in the amount of $691.00.

Challenging the result of the County's calculations, Plaintiff filed another appeal on May 6, 1999 with MNDHS. After a hearing on June 22, 1999, the appeal was dismissed for lack of jurisdiction stating that, pursuant to Minn. Stat. § 256.045, subd. 3: (1) the appeal was untimely filed after the 90-day period tolled by the original April 27, 1997, notice; and (2) MNDHS has no jurisdiction to hear appeals of FTROP revenue recapture.

On December 1, 1999, Plaintiff submitted a letter for reconsideration to the Commissioner of Human Services. Defendant Virginia Bly, Director of the Appeals and Regulations Division of MNDHS, responded on December 8, 1999, denying Ms. Wilson's request as untimely in violation of the 30-day period under Minn. Stat. § 256.045, subd. 5. The final paragraph of the December 8, 1999, letter states: "This correspondence should be considered final agency action for purposes of judicial review under Minnesota Statutes, section 256.045, subd. 7. This means that you may appeal this matter to district court within 30 days of the date of this letter rather than within 30 days of the date of the original decision."

Plaintiff filed the current action on January 5, 2000, in federal district court. Ms. Wilson asserts that she chose federal district court because the benefits programs involved are federal programs.

**Discussion**

**1. Standard of Review**

In deciding a motion to dismiss, the Court must assume all facts in the Complaint to be true and construe all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). The Court grants a motion to dismiss only if it is clear beyond any doubt that no relief could be granted under any set of facts consistent with the allegations in the Complaint. *Id.* The Court may grant a motion to dismiss on the basis of a dispositive issue of law. *Nietzke v. Williams*, 490 U.S. 319, 326 (1989). The Court need not resolve all questions of law in a manner which favors the complainant; rather, the Court may dismiss a claim founded upon a legal theory which is "close but ultimately unavailing." *Id.* at 327.

**2. Issues**

Each Defendant challenges Plaintiff's action before this Court for lack of jurisdiction. Plaintiff has established neither federal question nor diversity jurisdiction. It appears that Plaintiff brought her action in federal court because of the involvement of federal benefits programs. Plaintiff's reliance on "Welfare Act, section 628.26(g)" as providing a three-year statute of limitations is misplaced. Minn. Stat. § 628.26(g) is a criminal statute of limitations and irrelevant to the case at hand, and no federal alternative has been clearly or properly identified. Moreover, the conduct that Plaintiff is challenging is the recoupment of overpayments that occurred pursuant to state law. *See* Minn. Stat. § 393.07, subd. 10(e) (food stamps); Minn Stat.

§ 256.73, subd. 8(d). To the extent that this action is an appeal of the Commissioner's final order of December 8, 1999, then it should have been filed in state district court pursuant to Minn. Stat. § 256.045, subd. 7, which states in relevant part that:

> [A]ny party who is aggrieved by an order by the commissioner of human services may appeal the order to *the district court of the county responsible for furnishing assistance* by serving a written copy of a notice of appeal upon the commissioner and any adverse party of record within thirty days after the date the commissioner issued the order and by filing the original notice with the court administrator of the district court.

(Emphasis added.) To the extent that the current action is a suit against Defendant Bly for her actions as a state official, Plaintiff's suit is barred by the Eleventh Amendment. Because neither the State nor Congress has provided a right to sue the State or its officials for the actions Ms. Wilson has challenged, Eleventh Amendment immunity still stands. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). For all of these reasons, this Court lacks jurisdiction over Plaintiff's claim.

Even if the Court were to reach the merits, the law is clearly on Defendants' side. The recoupment of overpayments was not in violation of the six year statute of limitations relating to Food Stamps, Minn. Stat. § 393.07, subd. 10(e) (1996), nor the discretionary authority without a time limit for AFDC benefits, Minn. Stat. § 256.73, subd. 8(d) (1996). That being said, however, the Court is troubled by the history of this case and the manner in which it has been handled, namely during the administrative process. The Court certainly recognizes and advocates the importance of enforcing procedural rules and of the even-handed treatment of cases whether handled by counsel or *pro se*. The Court also notes that the County did work directly with Ms. Wilson to recalculate the claims, resulting in a reduction in Ms. Wilson's favor, though still an amount to which she took objection. What troubles the Court, however, is that each time

Ms. Wilson invoked the administrative process to challenge the actions against her, her appeals were dismissed on purely procedural and jurisdictional grounds. While certainly within the law, to repeatedly dismiss a party's attempts to assert a claim without thorough explanation cannot only leave the party without a clear sense of justice, but can also disserve the agency and the court by presenting an apparent lack of access and response to the citizenry. This is especially true when handling the claims of *pro se* parties.

The circumstances under which some of the procedure was invoked are particularly notable. The dismissal of Ms. Wilson's initial appeal was effectuated after the agency *itself* called on Ms. Wilson's behalf only to later explain that Ms. Wilson would have to call on her own. Ms. Wilson also maintains that she withdrew her first appeal after talking with agency representatives and believing that a withdrawal was appropriate given that she and the County were working together to resolve the claims. To later have her challenge to the April 1999 recalculation dismissed for its untimeliness as to the date of *original* service does not only appear illogical, but arguably implies unfair dealing. Again, the Court is not implying that the law does not support such a procedural decision. Nor does the Court relieve Ms. Wilson, as a *pro se* litigant, of her responsibilities to abide by procedural rules. However, the Court finds it incumbent upon courts and agencies to be conscious of the impact of their actions and to operate so that fairness and justice are not merely ideals, but realities. If a party does not achieve the result it originally sought but feels it has been treated fairly and has had the opportunity to be heard, then both the party and the agency or court benefit from a just process.

To the extent that Ms. Wilson now seeks redress in federal court because of Ms. Bly's notice that an appeal of her decision could be filed in "district court," the Court takes similar exception. An agency certainly has no responsibility to ensure that a *pro se* litigant files its

claims in the appropriate court. However, the time it would take to provide more thorough information and explanation in such administrative decisions is minimal in comparison to the time and money that has been expended upon the current action before this Court.

Nonetheless, the Court finds that Defendants have correctly recounted the law and finds that it has no jurisdiction over the current matter. While the law also appears to defeat Plaintiff's substantive claims, the Court declines to reach a decision on the merits given its lack of jurisdiction. The Court encourages Ms. Wilson to share this order with any individual or individuals she trusts, whether lawyer or non-lawyer, so that she may explore any additional remedies available to her, including any appeal of this order.

For the reasons stated, **IT IS HEREBY ORDERED THAT:**

1. Defendant Dryden's Motion to Dismiss (Doc. No. 17) is **GRANTED**;

2. Defendant Bly's Motion to Dismiss (Doc. No. 18) is **GRANTED**;

3. Defendant Figge's Motion to Dismiss or Alternatively for Summary Judgment (Doc. No. 20) is **GRANTED**; and

4. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 12th, 2001

DONOVAN W. FRANK
Judge of United States District Court

MAR 1 2 2001

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

MAR 12 2001

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*